NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFRED OCHSNER and HOLLY OCHSNER, | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 06-0219 (DMC) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion by the United States of America ("the Government") to dismiss the Complaint filed by Alfred and Holly Ochsner ("Plaintiffs") for lack of subject matter jurisdiction. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the submissions of both parties, it is the finding of this Court that the Government's motion to dismiss is **granted**.

## I.  BACKGROUND

On January 17, 2006, Plaintiffs filed a complaint seeking a redetermination of interest assessed by the Internal Revenue Service ("IRS") in connection with its intent to levy against Plaintiffs' property. On April 24, 2006, the Government, by its undersigned counsel, filed the instant motion to dismiss on the ground that this Court lacks subject matter jurisdiction. Plaintiffs oppose the Government's motion to dismiss.

The Court accepts as true the factual allegations in Plaintiffs' Complaint for the purposes of this motion. The IRS issued a Notice of Intent to levy against Plaintiffs' property. Plaintiffs

requested a Collective Due Process ("CDP") hearing before the IRS Appeals Office in order to contest the accuracy of the interest imposed by the IRS. After conducting the CDP hearing, the IRS sustained the issuance of the intent to levy. The Notice of Determination advised Plaintiffs of their right to appeal to the District Court for redetermination. Plaintiffs then filed the instant Complaint in which they seek a redetermination of the interest they owe. Plaintiffs aver that this Court has jurisdiction pursuant to 26 U.S.C. § 6330 and 28 U.S.C. § 1346.

## II.  DISCUSSION

### A.  *Standard of Review*

The Government argues that this court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Pursuant to Article III of the United States Constitution, federal courts have only limited jurisdiction to adjudicate cases and controversies. See U.S. Const. Art. III, § 2; see also Philadelphia Fed'n of Teachers v. Ridge, 150 F.3d 319, 323 (3d Cir. 1998). There is a presumption against subject matter jurisdiction in federal court, absent a demonstration that such jurisdiction exists. Turner v. President, Dir. and Co., 4 U.S. 8, 8 (1799); see Ridge, 150 F.3d at 323. Unless some statute, which comports with Article III of the Constitution, authorizes the federal court to decide the instant matter, it lacks the jurisdiction to affect the dispute. Palmore v. United States, 411 U.S. 389, 402 (1973). Plaintiffs assert that this Court has jurisdiction over their action pursuant to 26 U.S.C. §6330(d)(1)(B) and 28 U.S.C. §1346(a)(1). They argue that, if dismissed, their action against the United States would lack a forum since the Government can not be the defendant in a Tax Court proceeding. The Court shall address each argument in turn.

### B.  *26 U.S.C. § 6330(d)(1)(B)*

26 U.S.C. § 6330 of the Internal Revenue Code proscribes the process and procedures related to notice and opportunity before levy. Pursuant to 26 U.S.C. § 6330(d)(1), after a hearing has been conducted under subsection 6330(a)(3)(B):

> the person may, within 30 days of a determination under this section, appeal such determination...(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States. If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

26 U.S.C. § 6330(d)(1)(A,B). The Government contends that Section 6330(d)(1)(B) serves to preclude this Court's jurisdiction over this matter on the grounds that jurisdiction only is granted to this Court if the Tax Court does not have jurisdiction over the underlying tax liability. See 26 U.S.C. § 6330 (2006). This Court must thus determine whether the Tax Court would have jurisdiction over this matter.

Tax Courts have previously held that as a general rule, they lack jurisdiction over matters involving interest. See McCauley v. C.I.R., 56 T.C.M. (CCH) 134 (1988). However, in Urbano v. C.I.R.,122 T.C. 384 (2004), a Tax Court identified two situations in they have jurisdiction over redetermination of interest: to determine an overpayment of interest or to conduct a review for an abuse of discretion of the Commissioner's refusal to abate interest.[1] Here, Plaintiffs' Complaint is in part a request for an abatement of interest, and in part a contention that the Commissioner abused his discretion by refusing to abate the disputed interest. As such, since it appears that the Tax Court has jurisdiction over Plaintiff's claims, this Court does not have subject matter jurisdiction pursuant to 26 U.S.C. § 6330(d)(1)(B).

---

[1] 26 U.S.C. § 6404(a)(1) grants the Commissioner the discretion to "abate the unpaid portion of the assessment of any tax or any liability" that is excessive. Urbano, 122 T.C. 384.

*C. 28 U.S.C. § 1346(a)(1)*

Section 1346(a)(1) grants this Court jurisdiction over "any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C.§ 1346 (2006). In Flora v. United States, 362 U.S. 145, 150 (1960), the Supreme Court examined section 1346(a) and construed the term "any internal-revenue tax" to mean the payment of the entire amount of an assessment. Accordingly, for jurisdiction to exist in the district courts pursuant to 26 U.S.C. § 1346(a)(1), payment of full tax before suit is required. See Id. Indeed, the Tax Court is a venue to provide "taxpayers an opportunity to secure an independent review... in advance of their paying the tax found by the Commissioner to be due." Old Colony Trust Co. v. Comm'r, 279 U.S. 716, 721 (1929). This is a "system in which there is one tribunal for prepayment litigation and another for post-payment litigation." Flora, 362 U.S. at 163. In essence, a taxpayer who has not paid a portion of a disputed levy would be seeking a declaratory judgment; however, the Declaratory Judgment Act of 1934 and its amendment by § 405 of the Revenue Act of 1935 prohibits declaratory judgments with respect to federal taxation. See 28 U.S.C. § 2201(a); see also Flora at 164-165; (quoting Wideman, Application of the Declaratory Judgment Act to Tax Suits, 13 Taxes 539, 540.) In Flora, the Supreme Court established a "full-payment rule;" one that has been extended to apply to a full unpaid liability including interest fines and not just a partially paid deficiency assessment. See Sandler v. United States, 1983 U.S. Dist. LEXIS 11126, at 6 (D.N.J. 1983). As such, this Court lacks jurisdiction pursuant 26 U.S.C. § 1346(a)(1), because no "recovery" of any tax is yet possible. See 26 U.S.C. § 1346 (2006).

### *D.  Lack of Forum*

Despite a dismissal in the instant action, Plaintiffs are not without a forum in which to seek a redetermination of interest against the Government.  Rather, Plaintiffs have the option of paying the tax due and the disputed interest.  They may then file a claim for a refund and, if denied, bring an action for a refund against the Government in the United States District Court.  See Lee v. Comm'r, 67 T.C.M. (CCH) 3079 (1994).

### III.  CONCLUSION

Based upon the foregoing reasons, it is the finding of this Court that the Government's motion to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction is **granted**.  An appropriate Order accompanies this Opinion.

    S/ Dennis M Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date:	August 2, 2006
Original:	Clerk's Office
Copies:	All Counsel of Record
	The Honorable Mark Falk, U.S.M.J.
	File